IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT SAUNDERS, | § | |
| | § | |
| Defendant Below, | § | |
| Appellant, | § | No. 10, 2016 |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | Cr. ID No. 89008879DI |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 4, 2016
Decided: February 23, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 23rd day of February 2016, upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) In November 1976, a Superior Court jury convicted the appellant, Robert Saunders, of Murder in the First Degree and related offenses. Saunders' convictions were affirmed on direct appeal.[1] In 2014, we affirmed the Superior Court's denial of Saunders' ninth motion for postconviction relief under Superior Court Criminal Rule 61 and found Saunders' appeal legally frivolous as well as an abuse of the judicial process.[2] We also directed the Clerk to refuse Saunders' future

---

[1] *Saunders v. State*, 401 A.2d 629 (Del. 1979).
[2] *Saunders v. State*, 2014 WL 5460433, at *1 (Del. Oct. 27, 2014).

filing of a notice of appeal or petition for an extraordinary writ concerning his 1976 convictions, unless the notice or petition was accompanied by the required filing fee or a completed motion to proceed *in forma pauperis* with a sworn affidavit containing the certifications under 10 *Del. C.* § 8803(e), and that motion was granted by the Court.[3]

(2)   On January 7, 2015, Saunders filed a notice of appeal from a December 1, 2015 order of a Superior Court Commissioner denying his motion for reargument of his tenth motion for postconviction relief under Rule 61. The Clerk issued a notice directing Saunders to show cause why the appeal should not be dismissed under Supreme Court Rule 29(b) for this Court's lack of jurisdiction to consider an appeal from the decision of a Commissioner of the Superior Court and the basis for his certifications that the claims he sought to raise had never been raised or disposed of before in any court and that he had no reason to believe the claims were foreclosed by controlling law.

(3)   In his response to the notice to show cause, Saunders attached a copy of a January 20, 2016 Superior Court order adopting the Superior Court Commissioner's recommendation that Saunders' tenth motion for postconviction relief be denied and denying the tenth motion for postconviction relief. Saunders stated that he did not intend to file a premature notice of appeal and asked this Court

---

[3] *Id.*

2

not to dismiss the appeal in light of the Superior Court order denying his tenth motion for postconviction relief. Saunders did not provide a basis for his certifications that the claims he sought to raise had never been raised or disposed of before in any court and that he had no reason to believe the claims were foreclosed by controlling law.

(4) Having reviewed the January 20, 2016 Superior Court order, we find it manifest that the claims raised in Saunders' tenth motion for postconviction relief were procedurally barred and frivolous. His repetitive filings constitute an abuse of judicial process. His latest appeal is not approved for filing.

NOW, THEREFORE, IT IS ORDERED that Saunders' appeal papers are STRICKEN and this matter is DISMISSED.

BY THE COURT:

_____
Justice